PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL R. DAGNAN, | ) | |
| | ) | CASE NO. 1:17CV1585 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Daniel Russell Dagnan's ("Plaintiff") applications for a Period of Disability and Disability Insurance Benefits after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge David A. Ruiz for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a report (ECF No. 15) recommending that the decision of the Commissioner be affirmed. Plaintiff filed an Objection to the Report and Recommendation. ECF No. 16. Defendant filed a Response.

(1:17CV1585)

ECF No. 17. For the reasons that follow, the Court overrules Plaintiff's Objection and adopts the magistrate judge's Report and Recommendation.

I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522 23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d

2

(1:17CV1585)

1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion*.  Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This standard "allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can decide either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy.  42 U.S.C. § 423(d)(2)(A).

(1:17CV1585)

In order for the Commissioner to find that a claimant suffers from a disability for which he should receive benefits, the claimant must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to social security insurance benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

**II**.

Plaintiff raises three (3) objections to the magistrate judge's Report. First, Plaintiff objects to the magistrate judge's finding that the ALJ properly evaluated the state agency psychologists' opinions. ECF Nos. 16 at PageID:# 2218; 15 at PageID#: 2209 11. Second, Plaintiff objects to the magistrate judge's recommendation that the ALJ's failure to include the minor traumatic brain injury in the category of severe or non-severe impairments does not result in reversible error. ECF Nos. 16 at PageID#: 2219; 15 at PageID#: 2212 14. Lastly, Plaintiff objects to the magistrate judge's finding that the ALJ did not err by not failing to mention that the Veteran Affairs ("VA") determined that he was partially disabled. ECF Nos. 16 at PageID#: 2220; 15 at PageID#: 2214 16. Defendant opposes the objections on grounds that Plaintiff has failed to raise any issues in his objections that were not adequately addressed by the

(1:17CV1585)

Commissioner's decision that is supported by substantial evidence in the record. ECF No. 17. The Court reviews Plaintiff's objections *de novo*.

### A. State Agency Psychologists' Opinions

The magistrate judge recommends the Court find that, the ALJ adequately evaluated the opinions of the state agency psychological consultants Drs. Marjorie Kukor and Tonnie Hoyle. ECF No. 15 at PageID#: 2211. Specifically, the magistrate judge found that because there was "no glaring inconsistency between the RFC [residual functional capacity assessment] and the State Agency opinions, and, absent any developed argument from Plaintiff, the assignment of error lacks merit[] and is deemed waived." *Id.* Plaintiff argues that the ALJ erred in her analysis of state agency psychological consultant Dr. Kukor's opinion because she failed to explain why the limitation regarding "the need for flexibility was omitted." ECF No. 16 at PageID#: 2218   19. Plaintiff's argument is not well-taken.

In the instant case, the ALJ evaluated the opinions of state agency psychological consultants, Drs. Kukor and Hoyle, and found their opinions were largely similar. ECF No. 15 at PageID#: 2211; *see also* ECF No. 16 at PageID#: 2218 (Plaintiff concedes that "the opinions of Dr. Kukor and Dr. Hoyle were similar"). In so doing, the ALJ found that Plaintiff's residual functional capacity limited Plaintiff to:

> [S]imple, routine tasks but not at a production rate pace; occasionally interact with supervisors; co-workers and the public; he is limited to occasional routine workplace changes that can be explained in advance.

ECF No. 15 at PageID#: 2211 (citing Tr. 27).

(1:17CV1585)

Despite Plaintiff's contention, the Sixth Circuit has held that the "ALJ need only explain [its] reasons for rejecting a treating source statement because such an opinion carries 'controlling weight' under the SSA." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) (holding that "a claimant is entitled under the SSA only to reasons explaining the weight assigned to his treating sources."). Thus, in determining Plaintiff's RFC limitations, the ALJ properly considered the opinion of psychological consultant, Dr. Kukor. *See* ECF No. 9 at PageID#: 77.

Furthermore, the Court finds that Plaintiff fails to put forth any meaningful argument about the ALJ's failure to explain why a limitation was not included equates to improperly evaluating the opinions of the state agency psychological consultants. As indicated above, the opinions of the state agency psychological consultants were largely similar and, thus, properly considered in the ALJ's RFC determination. *See* ECF No. 15 at PageID#: 2211 ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *See*, *e.g.*, *Kennedy v. Comm'r*, No. 03-1276, 2003 WL 23140056, at *1 (6th Cir. Dec. 12, 2003) (internal citation omitted).

The magistrate judge correctly found that the ALJ had properly evaluated the opinions of the state agency psychological consultants and that Plaintiff's assignment of error lacked merit. Accordingly, Plaintiff's objection on this ground is overruled.

(1:17CV1585)

### B. Plaintiff's Minor Traumatic Brain Injury

Next, the magistrate judge recommends a ruling that the ALJ did not err in declining to classify Plaintiff's minor traumatic brain injury as a severe or non-severe impairment. ECF No. 15 at PageID#: 2212. Specifically, the magistrate judge found that: (1) although "the ALJ did not designate mTBI as 'severe,' failure to do so is not of any particular significance" because the ALJ, in finding at least one impairment severe, moved on to the subsequent steps in the sequential evaluation; and, (2) Plaintiff has not pointed to evidence suggesting that the ALJ ignored the impairments or limitations that stemmed from his mTBI." *Id.* at PageID#: 2212   13. Plaintiff contends that the magistrate judge "relies on an incorrect standard" when discussing the issue of the ALJ's failure to classify Plaintiff's minor traumatic brain injury as a severe or non-severe impairment. ECF No. 16 at PageID#: 2219. Plaintiff's argument is unavailing.

In order to determine whether a claimant is disabled, an ALJ must evaluate the claimant's impairments and ability to work using a five-step analysis laid out in the federal regulation. 20 C.F.R. §§ 404.1520(a), 416.920(a) (1992). At the second step of the disability evaluation process, the ALJ must assess whether an impairment or combination of impairments significantly limits the claimant's ability to do basic work activity. 20 C.F.R. § 416.920.

In the present case, the ALJ found that Plaintiff suffered from severe impairments   affective disorder, anxiety disorder, and alcohol/substance addiction disorder. *See* ECF No. 9 at PageID#: 72. The ALJ also noted that Plaintiff's hearing loss and unspecified arthropathies "do not cause more than minimal limitation in the claimant's ability to perform

7

basic work activities and are therefore non-severe." *Id.* The ALJ then explained that, "[t]he [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526)." *Id.* at PageID#: 73.

The Sixth Circuit has held that an ALJ is "not required to discuss all the evidence, as long as her factual findings as a whole show that she implicitly considered the record as a whole." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006)). *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n. 2 (6th Cir. 2007) (construing step two's severity requirement as a "*de minimus* hurdle."). In this case, in making the RFC assessment, the ALJ considered Plaintiff's mental impairments stemming from or otherwise related to Plaintiff's minor traumatic brain injury, and based on the record, she concluded that such mental impairments did not severely limit Plaintiff's residual functional capacity. *See* ECF No. 9 at PageID#: 73–80 (finding that while Plaintiff does experience some limitations, such limitations are not to the extent alleged, and thus, do not rise to the level of a disability, as defined in the Social Security Act, 20 C.F.R. 404.1520(f)). Furthermore, the magistrate judge correctly asserts that, the ALJ's failure to classify Plaintiff's minor traumatic brain injury as severe is harmless error, when the ALJ, in moving on to the subsequent steps, found other impairments to be severe. *See* ECF No. 15 at PageID#: 2213 (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987) (same) holding that the failure to find that an impairment was severe was harmless

(1:17CV1585)

error where other impairments were deemed severe); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (same); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)).

Thus, upon a fair reading of the record, the Court agrees with the magistrate judge's finding that, while the ALJ did not classify Plaintiff's minor traumatic brain injury as a severe or non-severe impairment, the ALJ properly: (1) considered "impairments or limitations that stemmed from [Plaintiff's] mTBI"; and, (2) evaluated these impairments in determining Plaintiff's residual functional capacity, that prompted her to move on to the next step of the sequential evaluation. ECF No. 15 at PageID#: 2213; *see Rudd*, 531 F. App'x at 730.

Accordingly, the Court finds that the ALJ's determination is based on substantial evidence on the record, and the ALJ's failure to include the minor traumatic brain injury does not amount to reversible error. Thus, the magistrate judge correctly found that Plaintiff's objection is without merit, and therefore, the objection is overruled.

### C. VA Determination

Lastly, the magistrate judge recommends the Court find that, the ALJ did not err in not explaining the consideration given to the VA's determination that Plaintiff was partially disabled, "where it may not have been part of the record." ECF No. 15 at PageID#: 2215. Plaintiff objects to the magistrate judge's recommendation for the following reasons:

> The ALJ failed to mention [Plaintiff's] VA decision rating him at 50% disabled due to his PTSD. *PageID* No. 1275. The Magistrate Judge believes that this was harmless error as there was no actual decision, only references to the 50% disability rating. *PageID* No. 2215. Social

9

(1:17CV1585)

> Security's rules are clear, the Commissioner must evaluate all of the evidence in the record that may have a bearing on a determination or decision of disability, including decision by other governmental and nongovernmental agencies. SSR 06-3p. The record contains evidence of an other governmental agency. It specifically addresses a medical impairment related to Mr. Dagnan's disability.

ECF No. 16 at PageID#: 2220.

The Court finds that Plaintiff's objection raises no factual or legal argument that has not been fully addressed by the Report and Recommendation (ECF No. 15 at PageID#: 2214   16). Thus, the magistrate judge in addressing the issue of whether the "ALJ erred by failing to even mention that the VA determined he was partially disabled," correctly stated:

> The Commissioner contends that the VA's decision determining that Plaintiff was 50 percent disabled had not been made part of the record, and, therefore, the ALJ had no way of determining how the decision was reached. R. 12, PageID# 2183). Plaintiff's brief does not identify the VA's disability decision anywhere in the record. R. 10). Despite the Commissioner expressly making an issue of the absence of the decision from the record, Plaintiff's reply fails to rebut this factual assertion. R. 14). The record does contain VA treatment records that reference Plaintiff having a service-connected disability of 50 percent for post-traumatic stress disorder, but no disability decision has been identified by the parties. (*See*, *e.g.*, Tr. 1228, 2035, 2037). Under such circumstances, the court finds no error in the ALJ's failure to "explain the consideration given" to such a decision, where it may not have been part of the record    Plaintiff has not cited to such a decision in the record and the Commissioner asserts it was not part of the record before the ALJ.

ECF No. 15 at PageID#: 2215.

The magistrate judge further determined that, "at the same time, the ALJ clearly considered and discussed much of the voluminous treatment records from the VA that were undoubtedly used to render the VA's determination." *Id.*; *see also McQueen v.*

10

(1:17CV1585)

*Comm'r of Soc. Sec.*, 2018 WL 3398107, at *3 (July 12, 2018) (although evidence of a disability decision by another governmental or nongovernmental agency must be considered, it is not binding on the ALJ) (citing 20 C.F.R. § 404.1504)). Based on the foregoing, the Court finds that, the ALJ properly considered the VA's determination to the extent it was applicable, and therefore, did not err in failing to expressly include in its findings the VA's determination that Plaintiff was partially disabled.

Accordingly, Plaintiff's objection on this ground is overruled.

### III.

For the reasons discussed above, Plaintiff's Objection (ECF No. 16) to the Report and Recommendation is overruled. The Report and Recommendation (ECF No. 15) is adopted. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

 September 11, 2018                    */s/ Benita Y. Pearson*
Date                                             Benita Y. Pearson
                                                        United States District Judge